# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-10635
Summary Calendar

LAKEITH AMIR-SHARIF

Plaintiff-Appellant

v.

Sheriff Deputy GONZALEZ; Sheriff LUPE VALDEZ; DALLAS COUNTY SHERIFF'S DEPARTMENT; DALLAS COUNTY, TEXAS; Chief Deputy DANNY DOWNS; LESLIE SWEET, Dallas County Sheriff's Department Legal Advisor; ALLEN CLEMSON, Dallas County Commissioner's Court Administrator; JIM GRESHAM, Dallas County Department of Risk Management Supervisor; J HOWELL, Dallas County Jail Facility Commander; Sheriff Deputy CANTU

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-2269

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lakeith Amir-Sharif moves this court for authorization to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his 42 U.S.C. § 1983 suit. A movant who seeks authorization to proceed IFP on appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

must demonstrate that he is a pauper and that he will raise a nonfrivolous issue on appeal. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).

In his motion and brief to this court, Amir-Sharif argues that he was denied his rights in connection with a prison disciplinary hearing. Amir-Sharif does not address, and has thus abandoned, the threshold issue whether the district court erred by determining that his suit should be dismissed for want of exhaustion. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Indeed, Amir-Sharif's failure to identify an error in the district court's analysis has the same effect as if he had not appealed the judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Amir-Sharif has not shown that he will raise a nonfrivolous issue on appeal. See Carson, 689 F.2d at 586. To the contrary, our review of Amir-Sharif's filings with this court shows that this appeal is frivolous. Consequently, Amir-Sharif's motion to proceed IFP on appeal is denied, and this appeal is dismissed as frivolous. See 5TH CIR. R. 42.2.

Amir-Sharif has filed other frivolous appeals with this court, as well as frivolous actions in other courts, and we previously warned him that he would likely be sanctioned if he continued to file meritless pleadings. Amir-Sharif did not heed this warning. We now order Amir-Sharif to pay $455 as a sanction to the clerk of this court. Amir-Sharif is barred from filing any pleading in this court or in any court subject to this court's jurisdiction until the total amount of the sanction imposed on him is paid in full. Amir-Sharif is also warned that any future meritless filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions, as will the failure to withdraw any pending matters that are frivolous.

IFP DENIED; APPEAL DISMISSED; SANCTION IMPOSED; SANCTION WARNING ISSUED.